UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No.: 8:18-cr-299-VMC-AAS

JIMMY ESPINAL

______________________________/

**ORDER**

This cause comes before the Court pursuant to Defendant Jimmy Espinal's pro se Motion for Compassionate Release (Doc. # 121), filed on February 18, 2023. The United States of America responded on March 23, 2023. (Doc. # 123). For the reasons set forth below, the Motion is denied.

**I. Background**

Pursuant to a plea agreement, on September 10, 2018, Mr. Espinal pled guilty to conspiracy to possess with intent to distribute five kilograms or more of a substance or mixture containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 33, 46). On December 13, 2018, the Court sentenced him to a term of 128 months' imprisonment. (Doc. ## 81, 82). Mr. Espinal is 54 years old,

and his projected release date is July 18, 2027. (Doc. # 123 at 2). At this time, Mr. Espinal has served 44.4% of his sentence. (Id.)

Now, Mr. Espinal seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step act, based primarily on his desire to provide for his wife and six children in Ecuador, as well as his ailing father. (Doc. # 121). The United States has responded (Doc. # 123), and the Motion is now ripe for review.

## II. Discussion

The United States argues that the Motion should be denied because Mr. Espinal has failed to exhaust his administrative remedies, has failed to demonstrate that his familial situation is an extraordinary and compelling reason warranting relief, and that the Section 3553(a) factors do not weigh in favor of release. (Doc. # 123). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Espinal argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 1382(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [Bop's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The United States points out that there is no evidence that Mr. Espinal has exhausted his administrative remedies because "there is no record of [Mr.] Espinal submitting any request to the [] Warden or the BOP for modification of his sentence." (Doc # 123 at 4-5). Indeed, Mr. Espinal fails to establish — let alone allege — that he has exhausted his administrative remedies. Thus, the Motion must be denied without prejudice for failure to exhaust administrative remedies. See United States v. Barberree, No. 8:09-cr-266-

VMC-MAP,2020 WL 2097886, at *2 (M.D. Fla. May 1, 2020) (denying motion for compassionate release without prejudice where defendant had "not allege[d] that he ha[d] exhausted his administrative remedies" and had not "provided documentation showing that he ha[d] made any request to the warden of his facility for compassionate release or appealed the denial of a request for compassionate release with the Bureau of Prisons").

Regardless, even if Mr. Espinal had exhausted his administrative remedies, the Court would still deny the Motion because Mr. Espinal has not demonstrated an extraordinary and compelling reason for compassionate release.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to gaining after serving at least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the

defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Espinal bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

In his Motion, Mr. Espinal advances two reasons for compassionate release. He first argues that he is the sole breadwinner for his family and that his wife and children are indigent and cannot support themselves. (Doc. # 121). Mr. Espinal also argues that his elderly father has multiple health conditions and has no one to take care of him. (Doc. # 121).

While the Court feels for Mr. Espinal and his family, neither of these circumstances is an extraordinary and compelling reason for compassionate release. Wanting to

provide financially for one's spouse and children is not a qualifying "family circumstance" as defined in the policy statement. See U.S.S.G. § 1B1.13, comment n.1(C) (limiting "family circumstances" to "[t]he death or incapacitation of the caregiver of the defendant's minor child" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"). Mr. Espinal has not alleged or proven that his wife is incapacitated such that he is the only available caregiver for his wife and children.

Furthermore, taking care of elderly or ill parents is not an enumerated extraordinary and compelling reason for release. See Bryant, 996 F.3d at 1247; United States v. Worthy, No. 20-14855, 2021 WL 4627309, at *2 (11th Cir. Oct. 7, 2021) ("Worthy's mother's terminal illness does not provide an extraordinary and compelling circumstance . . . . Based on a plain reading of § 1B1.13, caring for one's parents falls outside the purview of reasons warranting relief. Thus, Worthy's request to care for his mother was inconsistent with § 1B1.13 and would not provide a basis for relief."). Thus, compassionate release cannot be granted on this basis.

Even if Mr. Espinal had established an extraordinary and compelling reason, compassionate release would still be inappropriate here. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

Here, Mr. Espinal served as the captain of a vessel involved in the trafficking of over 700 kilograms of cocaine. (Doc. # 33). Additionally, the United States is correct that, once he is deported to Ecuador, "there is no way for the Court to actively supervise [Mr.] Espinal's activities and ensure that he does not engage in any further criminal activity or violate the terms of his supervised release," posing a risk that he may engage in further drug trafficking. (Doc. # 123 at 7-8). In short, releasing Mr. Espinal when he has served less than half of his sentence does not reflect the seriousness of the crime or promote respect for the law.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

Defendant Jimmy Espinal's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 121) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of June, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE